UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:
Tamika LaShawn Edwards,

        Debtor.
_____/

Case No. 24 -30845-jda
Chapter 13
Hon. Joel D. Applebaum

## OPINION AND ORDER DENYING DEBTOR'S MOTION TO REINSTATE CHAPTER 13 CASE

This matter is before the Court on debtor Tamika Edwards' Motion to Reinstate her chapter 13 case. For the reasons set forth below, the Motion is DENIED.

On May 1, 2024, Debtor filed a voluntary chapter 13 bankruptcy petition. On August 20, 2024, the Court entered an Order adjourning the confirmation hearing. (Dkt. 38). That Order required, in relevant part:

> IT IS FURTHER ORDERED that the Debtor shall file and Amend Schedules I and J to account for additional income per the Trustee's objection; serve Amended Chapter 13 Plan to surrender the Ford Taurus; remove the alteration of the language regarding Nonstandard Provision V.U and Statement of Financial Affairs #27 to disclose a business on or before September 6, 2024.
>
> IT IS FURTHER ORDERED that if any of the conditions indicated above are not satisfied, then the Trustee may file an Affidavit of Default along with an Order of Dismissal with no further notice or hearing.

Debtor did not comply with the requirements of the Order and, on September 9, 2024, the Trustee filed an Affidavit of Default. (Dkt. 39).

Later that day, but after the Trustee filed the Affidavit of Default, Debtor filed an Amended Plan and Amended Schedules. (Dkts. 40 and 41).

Later yet on that same day, the Court entered its Order dismissing the case. (Dkt. 43).

On September 13, 2024, Debtor filed the present Motion to Reinstate Chapter 13 Case. (Dkt. 45). Debtor's brief asserts that she is entitled to relief from the dismissal Order under either: (1) Fed. R. Civ. P. 60(b)(1), which provides for relief upon a showing of "mistake, inadvertence, surprise, or excusable neglect," or (2) Fed. R. Civ. P. 60(b)(6), which allows for relief "for any reason that justifies relief." Further, with respect to Rule 60(b)(6), Debtor cites to E.D. Mich. LBR. 9024-1(c), which states:

> If a motion is filed to reinstate a dismissed case under F.R. Civ. P. 60(b)(6), on the grounds that the default that caused the dismissal has been cured or can be cured, no response shall be filed and no oral argument shall be scheduled unless the court so orders.

Debtor's Motion offers only the following justification for the late filing of the amended documents: "Debtor's Counsel was out of the office on the date of the deadline." (Dkt. 45, ¶ 9).[1]

Debtor's request for relief pursuant Rule 60(b)(1) requires a showing of "excusable neglect." A review of the relevant case law clearly shows that "excusable neglect" does not include attorney errors such as a failure to comply with a filing

---

[1] Debtor's brief goes on to expressly state that Debtor was not responsible, in any way, for the missed deadline. Be that as it may, it is well-established that a client is bound by the acts of his or her attorney. *McCurry ex. rel. Turner v. Adventist Health System/Sunbelt Inc.*, 298 F.3d 586, 594-95 (6th Cir. 2002), citing *In re Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 396-97 (1993).

2

deadline. *See Gold v. Soueidan (In re Soueidan)*, 652 B.R. 837, 843-44 (Bankr. E.D. Mich. 2023)(calendaring errors do not rise to the level of excusable neglect). *See also McCurry ex. rel.Turner v. Adventist Health System/Sunbelt Inc.*, 298 F.3d 586, 595 (6th Cir. 2002)("an attorney's inaction or strategic error based upon a misreading of applicable law cannot be deemed "excusable" neglect"). Thus, relief under Rule 60(b)(1) is not warranted here.

Debtor's request for relief pursuant to Rule 60 (b)(6) is similarly unavailing. Relief under Rule 60(b)(6) is available only when "the other grounds for relief specified in Rules 60(b)(1)-(5) are inapplicable. Even then, 'extraordinary circumstances' must justify [relief]." *Kemp v United States*, 596 U.S. 528, 533 (2022). In the present Motion, while Debtor's request for relief fits within the scope of Rule 60(b)(1), Debtor has made no attempt to justify why the filings were late, let alone "extraordinary circumstances" required under Rule 60(b)(6).

Simply put, Debtor's Counsel had ample opportunity to file the amended schedules. The Court's Order gave Counsel 17 days to comply. She, or another attorney at her law firm, could have filed amendments at any time prior to the deadline. Counsel could have reached out to the Trustee to request additional time or, failing that, filed a motion asking the Court to extend the deadline. Counsel failed to pursue any of these options. While the facts of this case clearly give rise to a showing of neglect, that neglect is not excusable.

Debtor's reliance on LBR 9024-1(c) is similarly misplaced. This Court follows the bench ruling issued by the Hon. Phillip Shefferly in *In re O'Neal*, Case No. 19-48469 (October 15, 2019), which holds that local rule 9024-1(c) obviates the requirements of Rule 60(b) only when a case is dismissed by the court *sua sponte*, such as when the court dismisses a case for failure to pay the filing fee. When a case is dismissed on the request of another party, LBR 9024-1(c) does not apply, and the proper rule for considering the request is Rule 60(b). Thus, in cases going forward where LBR 9024-1(c) does not apply, the Trustee or any other party in interest may properly file a response to Debtor's Motion to Reinstate without first seeking leave of the Court.

For the foregoing reasons,

IT IS HEREBY ORDERED that Debtor's Motion to Reinstate is DENIED.

**Signed on October 15, 2024**



/s/ Joel D. Applebaum
_____
**Joel D. Applebaum**
**United States Bankruptcy Judge**